**UNITED STATES DISTRICT COURT**

**EASTERN DISTRICT OF CALIFORNIA**

| | |
|---|---|
| S.D.O.T.,<br><br>    Petitioner,<br><br>    v.<br><br>CHRISTOPHER CHESTNUT, et al.,<br><br>    Respondents. | No. 1:25-cv-01956 JLT SAB (HC)<br><br>ORDER ADOPTING FINDINGS AND RECOMMENDATIONS, GRANTING PRELIMINARY INJUNCTION, DIRECTING RESPONDENT TO IMMEDIATELY RELEASE PETITIONER, AND SETTING FURTHER BRIEFING SCHEDULE<br><br>(Docs. 2, 12) |

Petitioner is an immigration detainee proceeding with a petition for writ of habeas corpus pursuant to 28 U.S.C. § 2241. This matter was referred to a United States Magistrate Judge pursuant to 28 U.S.C. § 636(b)(1)(B) and Local Rule 302.

On January 22, 2026, the magistrate judge issued findings and recommendations recommending that the motion for preliminary injunction be granted and Respondents be directed to immediately release Petitioner from custody. (Doc. 12.) On January 28, 2026, Respondents filed timely objections. (Doc. 13.) On February 1, 2026, Petitioner filed a reply to the objections. (Doc. 14.)

According to 28 U.S.C. § 636(b)(1)(C), the Court has conducted a *de novo* review of the case. Having carefully reviewed the entire file, including Respondents' objections, the Court concludes the findings and recommendations are supported by the record and proper analysis. The Court notes that though Petitioner indicates she was *told*—through her fiancé as a

1  translator—that she was placed under arrest due to "noncompliance with reporting," (Doc. 1-2, ¶

2  9), nothing in the record documents any such noncompliance, nor do Respondents assert her re-

3  detention was premised upon noncompliance. (*See* Doc. 9; *see also* Doc. 1-2 at ¶ 9 (to

4  Petitioner's knowledge, she has "always complied" with the requirements of her supervision).)

5      Accordingly, the Court **ORDERS**:

6    1. The findings and recommendations issued on January 22, 2026 (Doc. 12) are

7      **ADOPTED IN FULL**.

8    2. The motion for preliminary injunction (Doc. 2) is **GRANTED**.

9    3. Respondents are directed to **IMMEDIATELY RELEASE** Petitioner on the

10     conditions of her prior release from custody until DHS proves to a neutral adjudicator

11     by clear and convincing evidence that re-detention is necessary to prevent danger to

12     the community or flight.

13   4. Respondents are **ENJOINED AND RESTRAINED** from re-detaining Petitioner

14     absent compliance with constitutional protections, which include at a minimum,

15     predeprivation notice[1] of at least seven days before a predeprivation hearing at which

16     the government will bear the burden of demonstrating by clear and convincing

17     evidence that he is likely to flee or pose a danger to the community if not arrested.

18   5. The matter is referred to the assigned magistrate judge for consideration of the merits

19     of the petition.

20 ///

21 ///

22 ///

23 ///

24 ///

25 ///

26

27 [1] If legally sufficient circumstances justify arrest without notice in advance, a post-deprivation hearing consistent with the requirements set forth here, **SHALL** be provided within seven days of

28 the arrest.

6. The Court sets the following briefing schedule, which may be modified by the magistrate judge as needed. Respondents may file a further brief on the merits of the habeas petition within 45 days. Alternatively, as soon as it can within that 30-day period, Respondents may file a notice that they do not intend to file further briefing. If Respondents file an additional brief, Petitioner may file a further brief within 30 days thereafter.

IT IS SO ORDERED.

Dated: __**February 5, 2026**__                    *Jennifer L. Thurston*
　　　　　　　　　　　　　　　　　　　　　UNITED STATES DISTRICT JUDGE