# UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF CALIFORNIA

S.D. O.T.,[1]

Petitioner,

v.

CHRISTOPHER CHESTNUT, et al.,

Respondents.

Case No. 1:25-cv-1956-JLT-SAB-HC

**FINDING AND RECOMMENDATION TO GRANT PETITIONER'S MOTION FOR EAJA FEES PURSUANT TO 28 U.S.C. § 2412**

**(ECF No. 19)**

Petitioner is a former federal detainee proceeding by counsel, who initiated this action by filing a petition for writ of habeas corpus pursuant to 28 U.S.C. § 2241. Pending before the Court is the motion of Petitioner's counsel for the award of attorneys' fees and costs pursuant to the Equal Access to Justice Act ("EAJA"), 28 U.S.C. § 2412. (ECF No. 19.) The Government opposes Petitioner's request. (ECF No. 20.) Having reviewed the record, the Court recommends granting Petitioner's motion.

///

///

///

[1] The Court partially redacts Petitioner's name to mitigate privacy concerns, as recommended by the Committee on Court Administration and Case Management of the Judicial Conference of the United States. *See* Memorandum Re: Privacy Concern Regarding Social Security & Immigration Opinions (May 1, 2018), https://www.uscourts.gov/sites/default/files/18-cv-l-suggestion_cacm_0.pdf. For privacy reasons, the Court refers to petitioners by first name and last initial or as "Petitioner."

# I.

# BACKGROUND

Following the parties' briefing on Petitioner's application for temporary restraining order, on December 21, 2025, the Court converted the motion to one for a Preliminary Injunction. (ECF Nos. 2, 7.) The Court ordered Respondents to show cause in writing on or before January 5, 2026, why Petitioner's request for a Preliminary Injunction should not be granted. (Id.)

On January 5, 2026, Respondents filed an opposition, in which they argued that Petitioner's detention was mandatory pursuant to the language of 8 U.S.C. § 1225(b). (ECF No. 9 at 4-9. Petitioner filed a reply (ECF No. 11). On January 22, 2026, the Court issued Findings and Recommendations that the Court grant the preliminary injunction and immediately release Petitioner. (ECF No. 12.) On January 28, 2026, Respondents filed objections (ECF No. 13) but on February 5, 2026, the Court adopted the Findings and Recommendations. (Doc. 15). On February 23, 2026, Respondent notified the court in writing that it would submit no further briefing on the merits. (ECF No. 16.) On March 20, 2026, the Court granted the Petition for Writ of Habeas Corpus. (ECF No. 17.) On the same day, Judgment for Petitioner was entered. (ECF No. 18.)

# II.

# DISCUSSION

## A. Legal Standard

The EAJA creates a presumption that reasonable attorney fees will be awarded to a prevailing party in an action against the United States, unless the United States shows that its position in the litigation "was substantially justified." 28 U.S.C. § 2412(d)(1)(A); Flores v. Shalala, 49 F.3d 562, 567 (9th Cir. 1995). However, even where the United States fails in its burden, a fee award is not automatic. A prevailing party still "bears the burden of establishing entitlement to an award and documenting the appropriate hours expended and hourly rates." Hensley v. Eckerhart, 461 U.S. 424, 437 (1983); *see also* 28 U.S.C. § 2412 (d)(1)(B). Further, the Court has considerable discretion regarding fee awards, as it considers the particular facts of each case to "determine what constitutes a reasonable fee award under the EAJA." Costa v.

Comm'r of Soc. Sec. Admin., 690 F.3d 1132, 1135 (9th Cir. 2012). Costs may be awarded pursuant to 28 U.S.C. § 1920.

In determining whether the requested fees are reasonable, the Court starts with determining "the number of hours reasonably expended on the litigation multiplied by a reasonable hourly rate." Sorenson v. Mink, 239 F.3d 1140, 1145 (9th Cir. 2001) (cleaned up). The Ninth Circuit sets EAJA statutory maximum attorney hourly rates; it has set the maximum rate at $258.46 for 2025 and 2026.[2] As to the number of hours, the Court generally defers to the prevailing attorney's professional judgment as to the amount of time necessary to prepare for the case. Costa, 690 F.3d at 1136. When a litigant has assigned her right to receive the fee award to counsel, EAJA fees may be paid directly to the attorney. Astrue v. Ratliff, 560 U.S. 586, 596–98 (2010).

**B. Respondent's Opposition**

Respondents oppose Petitioner's motion for award of attorney's fees and costs, contending that fees should not be awarded here because the Respondent's position was substantially justified. Respondents argue that Petitioner should not be awarded fees under the EAJA because the government's positions in this litigation were substantially justified at all levels.

Specifically, Respondents make the following claims:

> "[A] position can be justified even though it is not correct, and we believe it can be substantially (i.e., for the most part) justified if a reasonable person could think it correct, that is, if it has a reasonable basis in law and fact." Pierce v. Underwood, 487 U.S. 552, 565 n.2 (1988)). The government may sustain its burden by showing that its position was a credible interpretation of the law. In re Pet. of Hill, 775 F.2d 1037, 1042 (9th Cir. 1985). "That the Government lost does not raise a presumption that its position was not substantially justified," and the government need not show that it had a substantial likelihood of prevailing. Id.
>
> This Court ruled against Respondents on Petitioner's habeas corpus petition. That does not mean, however, that EAJA fees are appropriate. *See id.* In opposing Petitioner's request for a preliminary injunction and habeas corpus petition, Respondents relied on a credible interpretation of 8 U.S.C. § 1225, the interpretation of which remains an open question in the Ninth Circuit. Moreover, a Court in this District has concluded that re-arresting and detaining a noncitizen under 8 U.S.C. § 1225 without first providing the noncitizen with a pre-deprivation hearing does not violate the noncitizen's procedural due process rights. *Sargsyan v. Bondi*, ECF 4, No. 1:26-cv-259 WBS, 2026 WL 114665, at *1-*2 (E.D. Cal. January 15, 2026).

[2] https://beta.ca9.fedcourts.us/attorneys/statutory-maximum-rates/ (last viewed November 13, 2026).

(ECF No. 20 at 2.)

The district court decision cited by Respondents is distinguishable. First, on October 27, 2025, Sargsyan was arrested for domestic battery, which Respondents argued was a "change in circumstances" that violated his parole status. Sargsyan v. Bondi, ECF 4, No. 1:26-cv-259 WBS, 2026 WL 114665, at *3 (E.D.Cal. January 15, 2026). More importantly, the decision rested on other factors. After a lengthy analysis as to whether the petitioner had a protectible liberty interest, the court reasoned that, ". . .the undersigned finds Petitioner has shown he has a protectable liberty interest. *See* Morrissey, 408 U.S. at 482. "Freedom from imprisonment—from government custody, detention, or other forms of physical restrain—lies at the heart of the liberty that [the Due Process] Clause protects." Zadvydas v. Davis, 533 U.S. 678, 690 (2001). The district court went on to conclude, however, that the petitioner was properly detained because his parole expired in April 2026 and he was taken into custody six months later in December 2026. There are no such facts or circumstances alleged here.

To defeat a prevailing party's claim to attorney's fees under the EAJA, the government bears the burden of showing that its position was substantially justified. Thangaraja v. Gonzales, 428 F.3d 870, 874 (9th Cir. 2005) (citing Gonzales v. Free Speech Coal., 408 F.3d 613, 618 (9th Cir. 2005)). To be substantially justified, the government's position must have a "reasonable basis" in law and fact. Id. (citations omitted). "When evaluating the government's 'position' under the EAJA, [courts] consider both the government's litigation position and the 'action or failure to act by the agency upon which the civil action is based.'" Ibrahim v. U.S. Dep't of Homeland Security, 912 F.3d 1147, 1168 (9th Cir. 2019) (*quoting* 28 U.S.C. § 2412(d)(1)(B)).

Respondents maintain in opposition to Petitioner's fee motion that their litigation position was substantially justified given that Petitioner's detention was pursuant to a statute they assert mandates detention, and Respondents relied on a "credible interpretation" of 8 U.S.C. § 1225, "one which remains an open question in the Ninth Circuit." *See* (ECF No. 20 at 2, citing 8 U.S.C. § 1225).

Respondents continue to unreasonably discount the applicability of the Due Process Clause under the Fifth Amendment to the U.S. Constitution when their own cited authority holds to the contrary that protected liberty interests exist which require Due Process. Unlike Sargsyan, Respondents have never raised any change in circumstances and have never attempted to reconcile that after Petitioner presented to CBP seeking asylum, she was released to proceed with her petition, implicitly finding that her release presented neither flight nor danger risks. *See* 8 C.F.R. § 1236.1(c)(8) ("Any officer authorized to issue a warrant of arrest may, in the officer's discretion, release an alien not described in section 236(c)(1) of the Act, under the conditions at section 236(a)(2) and (3) of the Act; provided that the alien must demonstrate to the satisfaction of the officer that such release would not pose a danger to property or persons, and that the alien is likely to appear for any future proceeding."). Nor do Respondents refute that for the eleven months following her release, Petitioner kept a clean criminal record, attended all her ICE check-ins and immigration hearings, and applied for work authorization. *See* (ECF No. 1 at 15); *e.g.*, Tzafir v. Blanche, No. 25-cv-02126-JHC, 2026 WL 1413606, at *2 (W.D. Wash. May 20, 2026) (finding government's position not substantially justified where petitioner was ordered removed but then released on an order of supervision, complied with all conditions of release for years, and eventually was rearrested; reasoning, "when revoking a noncitizen's OSUP, the government must articulate changed circumstances in the noncitizen's case").

In addressing a related provision of the INA governing mandatory detention of certain noncitizens, the Supreme Court has recognized that such mandatory detention "does not foreclose as-applied challenges—that is, constitutional challenges to applications of the statute as we have now read it." Nielsen v. Preap, 586 U.S. 392, 420 (2019) (interpreting § 1226(c)). The most reasonable interpretation of Preap is that immigration detainees retain procedural due process rights notwithstanding the operation of a statute providing for a detainee's mandatory detention. Indeed, this interpretation – that statutory detention regimes are not to the exclusion of and do not displace a detainee's rights under the U.S. Constitution – is consistent with the Supreme Court's earlier holdings acknowledging this principle. *See* Zadvydas, 533 U.S. at 693, 695 (holding that the government's statutory authority to detain noncitizens pending removal "is subject to

important constitutional limitations" because due process applies to anyone in the United States, "whether their presence here is lawful, unlawful, temporary, or permanent"); Shaughnessy v. United States ex rel. Mezei, 345 U.S. 206, 212 (1953) (reiterating that a noncitizen who successfully enters the United States and afterwards is subject to removal proceedings retains due process rights) (citing cases), *superseded by statute on other grounds as stated in* Dep't of Homeland Security v. Thuaissigiam, 591 U.S. 103, 135 (2020).

In light of this authority and the circumstances set forth above, Respondents' contention that the Due Process Clause does not operate when an immigration detention statute applies is not substantially justified because such a position does not have a "reasonable basis" in law and fact. Thangaraja, 428 F.3d at 874.

**C. The Reasonableness of the Fee Requested**

The Ninth Circuit maintains a list of the statutory maximum hourly rates authorized by the EAJA, adjusted for increases in the cost of living, on its website. *See* Thangaraja, 428 F.3d at 876-77; "Statutory Maximum Rates Under the Equal Access to Justice," available at https://www.ce9.uscourts.gov/ /attorneys/statutory-maximum-rates (last visited November 23, 2026). This maximum rate (presently $258.46) controls unless the district court finds that a "special factor" warrants a higher rate, Sorenson, 239 F.3d at 1145, such as "where the quality of representation resulted in a degree of success beyond what would be reasonably expected at that rate." Int'l Woodworkers of Am., AFL-CIO, Local 3-98 v. Donovan, 792 F.2d 762, 766 (9th Cir. 1985).

Here, Respondents do not contest the reasonableness of the amount of fees requested by counsel for Petitioner, nor does the Petitioner request an amount higher than the statutory maximum.

EAJA fees have been awarded or recommended to be awarded in the past in this district in similar immigration habeas petition cases. *See* Doe v. Chestnut, No. 1:25-CV-01372-CDB, 2026 WL 1459808, at *1 (E.D. Cal. May 25, 2026) (order awarding $34,518.77 in EAJA fees and expenses.); N.A.L.C. v. Wofford, No. 1:25-CV-01917-KES-CDB (HC), 2026 WL 1724739, at *5 (E.D. Cal. June 15, 2026) (Finding and Recommendation to award $7,685.00 in EAJA fees

and expenses); Colina-Meira v. Lyons, No. 1:25-CV-1716 CSK, 2026 WL 2583023, at *2 (E.D. Cal. Sept. 1, 2026) (denying EAJA fees based on the finding that the government's position was substantially justified but concluding that habeas petitions challenging immigration detention are civil actions for purposes of the EAJA's fee shifting provision).

According to the declaration of attorney Natalia Vierra Santana, as counsel for Petitioner, she and her associate spent approximately 24.09 hours on tasks associated with litigating the merits of the case. (ECF No. 19-3.) Her paralegal spent an additional 1.77 hours performing administrative tasks. (Id.)

After reviewing the record, the Court recommends that an award of EAJA fees to the prevailing Petitioner is proper. Based on the filings, the Court finds that the requested hours and hourly rates are reasonable. Therefore, the Court recommends that Petitioner is entitled to $6,491.80 in reasonable attorney fees:

| **Year** | **Hours** | **Hourly Rate** | **Total** |
|---|---|---|---|
| 2025 | 13.74 | $258.46 | $3,551.24 |
| 2026 | 10.35 | $258.46 | $2,675.01 |
| Paralegal | 1.77 | $150.00 | $265.50 |
| | | Costs | $5.00 |
| | | **TOTAL** | **$6,496.80** |

If Petitioner owes no debt subject to Treasury offset, the EAJA award may be made payable to Petitioner's attorney, based on Petitioner's assignment of EAJA fees to her attorney. If Petitioner owes a debt subject to Treasury offset, the EAJA award will be applied toward the debt, with the remaining balance, if any, paid to Petitioner. *See* Astrue, 560 U.S. at 596–98 (citing the Treasury Offset Program, 31 U.S.C. § 3716(c)(3)).

///

///

## III.

## RECOMMENDATION

Based on the foregoing, the Court HEREBY RECOMMENDS:

Petitioner's motion for the award of attorneys' fees (Doc. 23) be GRANTED: and

a. Respondents be ordered to remit to counsel for Petitioner attorneys' fees and expenses in the amount of $6,491.80.

b. This award be made payable to Petitioner, but if the Department of the Treasury determines that Petitioner does not owe a federal debt, then Respondents shall cause the payment of attorneys' fees and expenses to be made directly to Petitioner's counsel.

c. Petitioner's request for an additional award of $5.00 in costs under 28 U.S.C. § 1920 be GRANTED.

This Findings and Recommendation is submitted to the assigned United States District Court Judge, pursuant to the provisions of 28 U.S.C. § 636 (b)(1)(B) and Rule 304 of the Local Rules of Practice for the United States District Court, Eastern District of California. Within **FOURTEEN (14) days** after service of the Findings and Recommendation, any party may file written objections with the Court, **limited to fifteen (15) pages in length, including any exhibits**. Such a document should be captioned "Objections to Magistrate Judge's Findings and Recommendation." Replies to the objections shall be served and filed within fourteen (14) days after service of the objections. The assigned District Judge will then review the Magistrate Judge's ruling pursuant to 28 U.S.C. § 636(b)(1)(C). The parties are advised that failure to file objections within the specified time may waive the right to appeal the District Court's order.

Wilkerson v. Wheeler, 772 F.3d 834, 839 (9th Cir. 2014) (citing Baxter v. Sullivan, 923 F.2d 1391, 1394 (9th Cir. 1991)).

IT IS SO ORDERED.

Dated: **November 25, 2026**

STANLEY A. BOONE
United States Magistrate Judge